## UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| TRINA SOLAR SCIENCE & TECHNOLOGY (THAILAND) LTD. and TRINA SOLAR ENERGY DEVELOPMENT COMPANY LIMITED, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : Court No. 26-01222 <br> : <br> : <br> : <br> : <br> : <br> : |

## COMPLAINT

Pursuant to Rule 3(a)(2) of the Rules of the United States Court of International Trade, Trina Solar Science & Technology (Thailand) Ltd. ("TTL") Trina Solar Energy Development Co. Ltd. ("TEDC"), collectively ("Plaintiffs"), by and through their counsel, allege and state as follows:

## JURISDICTION

1. Plaintiffs bring this action pursuant to, and in accordance with, section 516A(a)(2) of the Tariff Act of 1930, as amended (codified at 19 U.S.C. § 1516a(a)(2)), contesting the final results of the eleventh countervailing duty ("CVD") administrative review issued by the U.S. Department of Commerce ("Commerce") in Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from the People's Republic of China: Final Results of Countervailing Duty Administrative Review; 2022, 91 Fed. Reg. 3419 (Jan. 27, 2026) (Case No. C-570-980) ("AR11 Final Results"), and accompanying Issues and Decision Memorandum (Dec. 29, 2025) ("IDM"). This Court has jurisdiction over this matter under 28 U.S.C. § 1581(c) and

- 1 -

19 U.S.C. § 1516a(a)(2).

## STANDING

2.      Plaintiffs, TEDC and TTL, are foreign producers and exporters of the merchandise examined in the AR11 Final Results that are contested here.  Plaintiffs therefore are interested parties within the meaning of 19 U.S.C. § 1677(9)(A).  Plaintiffs participated in the administrative review, and thus each are a party to the proceeding as defined in 19 C.F.R. §351.102(b).  As interested parties in the underlying administrative proceeding, Plaintiffs have standing pursuant to 19 U.S.C. § 1516a(1)(d) and 28 U.S.C. § 2631(c).

## TIMELINESS

3.      The subject AR11 Final Results, which are being challenged herein, were published in the Federal Register on January 27, 2026.  See AR11 Final Results.  On February 26, 2026 – within 30 days after the AR11 Final Results were published in the Federal Register, Plaintiffs filed a summons to initiate this action.  See ECF No. 1.  Accordingly, this action was commenced within the period specified in 19 U.S.C. § 1516a(a)(2)(A)(ii).  This Complaint is being filed within 30 days of the filing of the summons.  Therefore, according to the provisions of 19 U.S.C. § 1516a(a)(2)(A) and Rule 3(a)(2) of the Rules of the U.S. Court of International Trade, this action has been timely brought.

## STANDARD OF REVIEW

4.      The standard of review applicable here, as set forth in 19 U.S.C. § 1516a(b)(1)(B)(ii), is whether the determinations, findings, or conclusions of Commerce were "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."

**Court No. 26-01222**                                                    **Complaint**

## PROCEDURAL HISTORY

5.      On December 7, 2012, Commerce published in the Federal Register antidumping and countervailing duty orders on crystalline silicon photovoltaic ("CSPV") cells and modules from China.  See Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules from the People's Republic of China: Amended Final Determination of Sales at Less Than Fair Value, and Antidumping Duty Order, 77 Fed. Reg. 73018 (Dec. 7, 2012), and Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, form the People's Republic of China: Countervailing Duty Order, 77 Fed. Reg. 73017 (Dec. 7, 2012) (collectively, "Solar Cells Orders").

6.      On April 1, 2022, Commerce initiated country-wide anti-circumvention inquiries on the Solar Cells Orders covering crystalline silicon photovoltaic cells ("CSPV") whether or not assembled into modules, which are completed in Cambodia, Malaysia, Thailand, or Vietnam ("Southeast Asian Countries") using parts and components form the People's Republic of China and subsequently exported to the United States.  Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Initiation of Circumvention Inquiry on the Antidumping Duty and Countervailing Duty Orders, 87 Fed. Reg. 19071 (Apr. 1, 2022).

7.      Subsequently, President Biden issued Presidential Proclamation 10414, which provided a moratorium on duty collection for solar cells and modules from these same Southeast Asian Countries, i.e., Cambodia, Malaysia, Thailand, and Vietnam, between April 1, 2022, through June 6, 2024.  See Declaration of Emergency and Authorization for Temporary Extensions of Duty-Free Importation of Solar Cells and Modules from Southeast Asia, 87 Fed. Reg. 35067 (Presidential Proclamation 10414, Jun. 9, 2022).

**Court No. 26-01222**                                                    **Complaint**

8.       Pursuant to Presidential Proclamation 10414, Commerce promulgated 19 C.F.R § 362, which set forth the scope, definitions, and actions taken to comply with the Proclamation. Commerce directed CBP to "discontinue suspension of liquidation and collection of cash deposits" without regard to estimated antidumping and countervailing duties for imports of cells and modules from the Southeast Asian Countries provided that such merchandise entered is "utilized" by December 3, 2024.  See 19 C.F.R. §§ 362.102, 362.103.  In other words, entries of such merchandise between November 15, 2022, and June 6, 2024, falling under the purview of the Presidential Proclamation, were granted duty-free treatment provided that such merchandise was "utilized" prior to December 3, 2024.  Id.  Entries between April 1, 2022 to November 15, 2022 were granted duty-free treatment without the subsequent requirement that the merchandise be utilized (collectively, whether utilization is required or not, such entries are commonly referred to as "Applicable Entries").  Finally, Commerce's new regulations, while not explicitly requiring certifications to qualify for the President's declared duty suspension, included a provision acknowledging Commerce's ability to require certifications.  19 C.F.R. § 362.104.

9.       On December 1, 2022, Commerce preliminarily determined that imports of CSPV cells and modules exported from Cambodia, Malaysia, Thailand, and Vietnam using parts and components from China are circumventing the AD and CVD Solar Cells Orders.  Commerce published its preliminary determination of circumvention in the Federal Register.  See Antidumping and Countervailing Duty Orders on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from the People's Republic of China: Preliminary Affirmative Determinations of Circumvention with Respect to Cambodia, Malaysia, Thailand, and Vietnam, 87 Fed. Reg. 75221 (Dec. 8, 2022) ("CSPV Circumvention Prelim. Determination") and accompanying Preliminary Decision Memorandum with Respect to the

Kingdom of Thailand, (Dec. 1, 2022) (Barcode 4316097-02) ("Thai Circumvention PDM") and

Preliminary Decision Memorandum with Respect to the Socialist Republic of Vietnam, (Dec. 1,

2022) (Barcode 4316098-02) ("Vietnam Circumvention PDM").  Relevant to this appeal are

Commerce's determinations related to Thailand and Vietnam.

10.     As part of the CSPV Circumvention Prelim. Determination, Commerce instituted

certification and documentation requirements whereby U.S. importers and foreign exporters must

(1) certify that imports of solar cells and modules from the inquiry countries were not produced

using wafers producers in China,[1] and (2) to maintain supporting documentation thereof, in order

for cash deposits pursuant to the Solar Cells Orders not to be required.  See Thai Circumvention

PDM, at 26–27.

11.     In the CSPV Circumvention Prelim. Determination, Commerce explained the

following procedures importers should follow:

> Importers are required to complete and maintain the applicable importer
> certification, and maintain a copy of the applicable exporter certification, and
> retain all supporting documentation for both certifications.  With the exception of
> the entries described below, the importer certification must be completed, signed,
> and dated by the time the entry summary is filed for the relevant entry.  The
> importer, or the importer's agent, must submit both the importer's certification
> and the exporter's certification to CBP ***as part of the entry process***.

CSPV Circumvention Prelim. Determination, 87 Fed. Reg. at 75225 (emphasis added).

Commerce provided no explanation or clarification as to what exact procedures or timelines

constitute the "entry process."  Similarly, Commerce instructed that exporters "complete and

---

[1] The Appendix VI certification also permits an importer and exporter to certify that subject solar modules were produced using Chinese wafers and that no more than two of the following inputs were produced in China:  silver paste, aluminum frames, glass, backsheets, EVA, and junction boxes.  87 Fed. Reg. 75221, and accompanying PDM at Appendix VI.  This was unchanged in the Final Determination.

maintain the applicable exporter certification," and that the exporter certification be "completed, signed, and dated by the time of shipment of the relevant entries." Id.

12.     The requirements for these certifications took effect "as part of the entry process" fourteen days from the date the CSPV Circumvention Prelim. Determination was published, i.e., December 22, 2022. Id. For entries between April 1, 2022, through December 22, 2022, Commerce granted importers a 45-day window, i.e., until January 22, 2023, to complete retroactive "blanket" certifications for any unliquidated entries of CSPV cells and modules from Southeast Asian Countries. Specifically, Commerce stated that these "blanket" certifications going back to the initiation date should be "completed and signed as soon as practicable," but did not establish any upload requirement to CBP's document imaging system ("DIS"). Id.

13.     On February 10, 2023, two months after the certification scheme was established via the publication of the CSPV Circumvention Prelim. Determination, wherein importers were required to provide both importer and exporter "Applicable Entries" certifications "as part of the entry process," Commerce issued instructions to CBP on the implementation of the certification scheme. See CBP Cash Deposit Message No. 3041408 (Feb. 10, 2023) ("CBP Cert. Instructions").

14.     In paragraph 5 of the instructions, Commerce instructed that CBP shall "suspend liquidation of entries" of CSPV cells and modules from the Southeast Asian Countries "for which the certification requirements described in either paragraphs 14, 15, 16, 17 or 18 below have not been met." See CBP Cert. Instructions, Message No. 3041408 (emphasis added).

Paragraphs 14, 15, 16, 17, and 18 of the instructions contained copies of the importer and exporters certifications, as published in the Federal Register. See CSPV Circumvention Prelim.

**Court No. 26-01222**                                                      **Complaint**

Determination, 87 Fed. Reg. at 75227 to 75231.  Paragraph 12 of Commerce's instructions to

CBP included the following subparts:

> 12f.  The importer, or the importer's agent, must submit both the importer's
> certification and the exporter's certification to CBP as part of the entry process by
> uploading them into the document imaging system (DIS) in ACE.  For entries
> made from 04/01/2022 through 12/22/2022, for which the importer, or the
> importer's agent, did not submit both the importer's certification and the
> exporter's certification to CBP as part of the entry process, the importer, or the
> importer's agent, must submit both the importer's certification and the exporter's
> certification to CBP.
>
> 12h. The importer and exporter will be required to present the certifications, and
> supporting documentation, to Commerce and/or CBP, as applicable, upon request
> by either agency.
>
> 12i. The importer and exporter's claims in their certifications, and any supporting
> documentation, are subject to verification by Commerce and/or CBP.

Subsequently, paragraph 13 included the following subparts:

> 13a. For all Southeast Asian-Completed Cells and Modules entered, or withdrawn
> from warehouse for consumption, during the period 04/01/2022 through
> 12/22/2022, the importer should complete, sign, and date the applicable
> certification, no later than 45 days after 12/08/2022.  For all Southeast Asian-
> Completed Cells and Modules entered, or withdrawn from warehouse, for
> consumption, after 12/22/2022, the importer should complete, sign, and date the
> applicable certification on, or prior to, the date of the entry summary.
>
> 13b. For all Southeast Asian-Completed Cells and Modules with a shipment date
> during the period 04/01/2022 through 12/22/2022, the exporter should complete,
> sign, and date the applicable certification, and provide a copy of the certification
> to the importer, no later than 45 days after 12/08/2022.  For all Southeast Asian-
> Completed Cells and Modules with a shipment date after 12/22/2022, the exporter
> should complete, sign, and date the applicable certification and provide a copy of
> the certification to the importer on, or prior to, the date of shipment.
>
> See CBP Cert. Instructions, at 9–10.

15.    Commerce's instructions did not similarly state that suspension and collection of

cash deposits would be required if paragraphs 12 and 13 were not met.  Rather, Commerce only

stated that suspension and cash deposits would be required if paragraphs 14 to 18 were not met.

Id., at 8.

16.    On August 23, 2023, Commerce published its final determination of circumvention in the Federal Register.  See Antidumping and Countervailing Duty Orders on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from the People's Republic of China: Final Scope Determination and Final Affirmative Determinations of Circumvention with Respect to Cambodia, Malaysia, Thailand, and Vietnam, 88 Fed. Reg. 57,419 (Aug. 23, 2023) ("Final Circ. Determination"), and accompanying Issues and Decision Memorandum (Thailand), at Cmt. 12 p. 82, (Barcode: 4419744-02 ) ("Final Circ. Determination Memo").  In its final determination, Commerce continued to find that CSPV cells and modules produced in Thailand and Vietnam using parts and components manufactured in China and exported to the United States were circumventing the Solar Cells Orders.  Commerce applied its determination on a country-wide basis, thereby subjecting inquiry merchandise exported from Thailand and Vietnam to importer and exporter certifications and document retention requirements in order not to be subject to AD and/or CVD cash deposits and final assessment rates.

17.    In its final circumvention determination memorandum, Commerce made clear that administrative reviews could be requested for any interested party with certification issues:

> **If** CBP determines that an importer or exporter's certification does not conform to Commerce's requirements, such that the entry is subject to the *Orders*, the importer or exporter can request an administrative review of that entry wherein Commerce will determine the appropriate AD/CVD duty assessment for the entry.

Final Circ. Determination Memo, at 82 (emphasis added).

18.    To summarize, Commerce established two sets of certification rules applying to different windows of entries and shipments.  Id.  The first set had a retroactive application, from April 1, 2022, to December 12, 2022, in which importers and exporters were required to complete the certifications by January 22, 2023.  Id.  For this set, Commerce did not establish a

deadline to upload or provide certifications to CBP in any manner.  Second, Commerce established a second set of rules for entries and shipments after December 22, 2022, in which the certifications had to be completed either prior to the shipment date or entry date, as applicable. Id.  These certifications had to provided to CBP "as part of the entry process."  The instructions from Commerce to CBP for these second set of certifications were not released until February 10, 2023.

19.     Further, the importer certification itself required the input of 25 pieces of information, many of which are unique to the shipment and entry.  Id., at Paragraph 14a.  For example, the importer had to provide the unique entry summary number, the invoice number, customer name and address, as well as a date and a signature.  Id.  The exporter certification required 17 pieces of information.  Id.

20.     In the final determination of Commerce's anti-circumvention inquiries, Commerce specifically addressed concerns from parties regarding the ability to correct certifications in its final issues and decisions memorandum.  See Final Circ. Determination, 88 Fed. Reg. at 57425.  Commerce contemplated that CBP would rely on the processes already in place that permit importers to correct submitted documents or to provide clarifying information, i.e., through post-summary correction procedures.

21.     On December 1, 2023, Commerce published an opportunity to request review for the eleventh administrative review of the CVD order on Solar Cells from China.  The period of review ("POR") covered entries between January 1, 2022 through December 31, 2022.  See Antidumping and Countervailing Duty Order, Finding, or Suspended Investigation; Opportunity to Request Administrative Review and Join Annual Inquiry Service List, 88 Fed. Reg. 83917,

83919 (Dec. 1, 2023).  The deadline for interested parties to request administrative review was December 31, 2023.

22.     On December 29, 2023, the petitioner, the American Alliance for Solar Manufacturing, requested administrative review for only TTL.  See Letter from Wiley Rein LLP, "Request for Administrative Review," (Dec. 29, 2023).

23.     On December 31, 2023, neither TTL nor TEDC requested administrative review for the POR.  At that time, TTL had only one entry of subject merchandise using solar cells from China,[2] and TEDC had only one entry pertaining to a separate importer of record.  At this time, neither TTL nor TEDC had any "type 03" AD/CVD entries involving merchandise subject to the circumvention proceeding (i.e., modules with Vietnam or Thai cells).  Rather, at that time, TTL and TEDC only had non-subject "type 01" consumption entries for which they had filed "Applicable Entries" certifications under Appendix IV of Commerce's CSPV Circumvention Prelim. Determination, subject to the duty moratorium under Presidential Proclamation 10414. Nearly all such entries used the "blanket certification" under Appendix IV, which covered entries between April 1, 2022 to December 22, 2022, and did not include a utilization requirement. Thus, to reiterate, at the time to file a review request, all TEDC's and TTL's circumvention-related entries (1) had a "type 01" status and (2) had included the required Appendix IV importer and exporter certifications.  Neither TTL nor TEDC were aware at that time of any certifications for such POR entries as having been rejected by CBP for clerical errors.

24.     On February 8, 2024, Commerce initiated the eleventh administrative review of the CVD order on Solar Cells from China.  See Initiation of Antidumping and Countervailing

---

[2] Modules with Chinese cells would fall squarely within the scope of the Solar Cells Orders from China.  At the time to request review, with only one subject entry, TTL expected to receive the all-others rate calculated from mandatory respondents.

Duty Administrative Reviews, 89 Fed. Reg. 8641 (Dep't. Commerce Feb. 8, 2024).  The initiation notice only listed TTL, and did not include TEDC.

25.     On April 21, 2025, Commerce published its preliminary results in the Federal Register.  See Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled into Modules, From the People's Republic of China: Preliminary Results of Countervailing Duty Administrative Review, and Rescission in Part; 2022, 90 Fed. Reg. 16666 (Apr. 21, 2025). Because Commerce never initiated review for TEDC, it was not listed as a company for which review was rescinded.

26.     The deadline for interested parties to submit case briefs was May 12, 2025, and rebuttal briefs were due on May 19, 2025.  Because TTL and TEDC did not have any converted "type 03" subject entries at the time of briefing, it did not file any briefs.

27.     On October 21, 2025, long after the initiation of the administrative review underlying this appeal, due to perceived clerical errors in their Appendix IV certifications, CBP converted TTL and TEDC's entries of solar modules from Vietnam and Thailand from the POR from "type 01" consumption entries to "type 03" AD/CVD entries, thereby subjecting them to the underlying administrative review.

28.     At the time of discovering it had converted "type 03" subject entries necessitating a need to request review in the underlying administrative review, it was seven months past the deadline to submit new factual information (i.e., 30 days prior to the preliminary determination), and it was five months past the deadline for interested parties to submit case briefs.  Further, at that time, Commerce's final results were scheduled to be issued on October 20, 2025, the day prior to TTL and TEDC discovering that it had converted subject entries.  Finally, at that time, Commerce had already rejected other interested parties' requests for administrative review

sought after the deadline.  See Memorandum to the File, "Rejection and Removal of Chint and Jinko Solar Submissions," (Sept. 3, 2025).

29.    In the companion AD administrative review of the Solar Cells Orders, TTL and TEDC received notice of rejected certifications from CBP covering that POR before the deadline for briefing.  Accordingly, they were able to raise this issue with Commerce at the briefing stage. Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from the People's Republic of China: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments; 2022–2023, 90 Fed. Reg. 60060 (Dec. 23, 2025), and accompanying Issues and Decision Memorandum, at Comment 3 (Dec. 15, 2025) ("IDM").

30.    On January 27, 2026, Commerce's final results of administrative review published in the Federal Register.  See AR11 Final Results, 91 Fed. Reg. 3419.  Commerce's final Issues and Decision Memorandum, dated December 29, 2025, was not released on ACCESS until January 22, 2026.  See e.g., IDM.  In response to a separate interested party's briefing, submitted by JA Solar, Commerce declined to amend liquidation instructions covering entries for companies that did not timely request administrative review.  See IDM, at 26.  In doing so, Commerce explained that (1) only CBP was responsible for the enforcement of the certification regime established by Commerce in the circumvention proceedings, and that (2) parties subject to such regime should have requested administrative review prior to the December 31, 2023 deadline, even if they were unaware at that time of having subject entries. See id., at 26–27.

31.    In the subsequent administrative review, covering entries between January 1, 2023, through December 31, 2023, despite requests by parties that Commerce cover an expanded period of review to include entries from 2022, Commerce declined to do so.  Instead, it initiated

- 12 -

the twelfth administrative review according to its normal time period, effectively leaving no way for affected parties, including TTL and TEDC, for an opportunity to have their converted rate advanced entries reviewed.  See Initiation of Antidumping and Countervailing Duty Administrative Reviews, 90 Fed. Reg. 8187 (Jan. 27, 2025) (initiating the twelfth CVD administrative review on Solar Cells from China only covering entries from January 1, 2023 through December 31, 2023).

### ISSUES PRESENTED BY THE ACTION AND
### PLAINTIFFS' STATEMENT OF CLAIMS

32.     In the following respects, and for other reasons apparent from the record of the administrative proceeding, Commerce's Final Results reflect an abuse of discretion otherwise not in accordance with law.

### COUNT ONE

33.     Paragraphs 1–32 are incorporated herein by reference.

34.     Commerce's decision to ignore its own instructions from the related circumvention proceeding and decline administrative review for parties with later-discovered "subject" entries was an abuse of discretion and not in accordance with law.  Specifically, Commerce found that because the final determination of the circumvention proceeding was published in August 2023, parties had "ample notice of the affirmative circumvention determination. . . and the applicable certification regime" to request administrateive review.  See IDM, at 27.  In other words, even if an interested party had no "type 03" entries at the time to request review, parties should have foreseen that their entries could possibly be converted to "type 03" entries.  Commerce's finding here fails to consider its own instructions, and completely prevents parties from ever having administrative review of their subject entries.

35.     In the circumvention proceeding, Commerce expressly stated that "***if*** CBP determines that an importer or exporter's certification does not conform to Commerce's requirements, such that the entry is subject to the *Orders*, the importer or exporter ***can request an administrative review*** of that entry wherein Commerce will determine the appropriate AD/CVD assessment for that entry."  Final Circ. Determination Memo, at 82 (emphasis added).  Thus, Commerce described an "if/then" scenario wherein "if" parties' certifications were rejected, they could then seek administrative review.  Commerce never established a requirement that parties preemptively seek administrative review prior to having any rejected certifications.

36.     TTL and TEDC did not have rejected certification entries at the time administrative review requests were due, i.e., December 31, 2023.  Nearly two years later, long after the deadline for administrative review requests and briefing had passed, CBP—acting on the certification regime instructed by Commerce—converted such entries to subject "type 03" entries.  For Commerce to now say that parties should have foreseen—two years in advance— that entries could have become subject to review, was an abuse of discretion and not in accordance with law.

**COUNT TWO**

37.     Paragraphs 1–36 are incorporated herein by reference.

38.     Commerce's determination that "the administration and evaluation of certifications. . . are within CBP's purview," was an abuse of discretion and not in accordance with law.  Commerce created the certification regime, which includes eight different variations of certifications (two versions under Appendix IV, one for Appendix V, and one for Appendix VI, each one having one for the importer and one for the exporter), all of which are several pages long.  Within the certification itself, Commerce required the input of 25 pieces of information for

the importer certification, and 17 pieces of information for the exporter certification. Commerce is aware that many interested parties, if not all, have had certifications rejected by CBP due to clerical issues, (i.e., missing dates, signatures, or entry-specific information) unrelated to any substantive deficiencies. Commerce has the sole authority to direct CBP to accept certifications with clerical errors. It is uniquely within Commerce's purview to address the certification issues plaguing solar importers, and Commerce's refusal to address the issue was an abuse of discretion and not in accordance with law.

### DEMAND FOR JUDGMENT AND PRAYER FOR RELIEF

39.     For the reasons stated above, Plaintiffs respectfully request that the Court:

(a)     enter judgment in Plaintiffs' favor;

(b)     declare that with respect to the issues raised in this Complaint, Commerce's determinations and all related findings and conclusions amount to an abuse of discretion and are otherwise not in accordance with law;

(c)     remand these matters to Commerce for redetermination consistent with the Court's opinion; and

(d)     provide such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Jonathan M. Freed
Jonathan M. Freed
MacKensie R. Sugama

**TRADE PACIFIC PLLC**
700 Pennsylvania Avenue, SE, Suite 500
Washington, DC  20003
Tel:  (202) 223-3760
jfreed@tradepacificlaw.com

Counsel for Plaintiffs Trina Solar Energy
Development Co. Ltd., and Trina Solar Science &
Technology (Thailand) Ltd.

March 27, 2026