**UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE: THE HONORABLE JOSEPH A. LAROSKI, JR.**

|  |  |  |
|---|---|---|
| ————————————————————x | | |
| | : | |
| TRINA SOLAR SCIENCE & TECHNOLOGY (THAILAND) LTD. and TRINA SOLAR ENERGY DEVELOPMENT COMPANY LIMITED, | : : : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Court No. 26-01222 |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant, | : | |
| | : | |
| and | : | |
| | : | |
| AMERICAN ALLIANCE FOR SOLAR MANUFACTURING, | : : | |
| | : | |
| Defendant-Intervenor. | : | |
| ————————————————————x | | |

**<u>PROPOSED PLAINTIFF-INTERVENORS' REPLY TO DEFENDANT'S RESPONSE TO THE MOTIONS TO INTERVENE AND FOR A PRELIMINARY INJUNCTION</u>**

Proposed Plaintiff-Intervenors JinkoSolar (U.S.) Inc., *et al*., (collectively, "Jinko" or "Jinko Solar") hereby reply to the Response in Opposition to the Motions to Intervene and For a Preliminary Injunction, ECF 35 ("Def. Br"), filed on May 29, 2026, by Defendant, the United States. Defendant is requesting that this Court deny Jinko's Motion to Intervene in Plaintiffs Trina Solar Science & Technology Ltd. ("TTL") and Trina Solar Energy Development Company Limited ("TEDC") (collectively, "Trina") challenge to the Department of Commerce ("Commerce" or "Department") final results – and deny Jinko's Motion for a Preliminary Injunction seeking to restrain Defendant from issuing instructions to liquidate, or from liquidating, certain entries – of *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules* ("subject solar cells"), from the People's Republic of China ("China") under

Countervailing Duty ("CVD") Case No. C-570-980, for the period of review ("POR") January 1, 2022 – December 31, 2022, commonly known as the eleventh annual review ("AR11") of the CVD Order on solar cells from China ("China Solar CVD Order"). As discussed below, and in briefs submitted by Trina, which Jinko fully supports and incorporates by reference, this Court should permit Jinko to intervene and grant Jinko preliminary injunctive relief until the merits of this CVD AR11 appeal can be adjudicated.

**BACKGROUND: JINKO AND AR11 OF THE CHINA SOLAR CVD ORDER**

Commerce in February 2024 initiated AR11 of the China Solar CVD Order for, *inter alia*, the following Jinko entities: Jinko Solar Import And Export Co., Ltd.; Jinko Solar Co., Ltd.; Zhejiang Jinko Solar Co., Ltd.; Jiangxi Jinko Photovoltaic Materials Co., Ltd.; Xinjiang Jinko Solar Co., Ltd.; JinkoSolar (Chuzhou) Co., Ltd.; JinkoSolar (Shangrao) Co., Ltd.; JinkoSolar (Sichuan) Co., Ltd.; JinkoSolar (Yiwu) Co., Ltd.; JinkoSolar Technology (Haining) Co., Ltd.; Ruixu Industrial Co., Ltd.; Yuhuan Jinko Solar Co., Ltd.; Jinko Solar (Shanghai) Management Co., Ltd. *Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 89 Fed. Reg. 8641, 8646 (Feb. 8, 2024) ("*Initiation Notice*").

Commerce on April 21, 2025 rescinded AR11 as to these Jinko entities upon finding that they did not have reviewable entries. *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from the People's Republic of China:*, 90 Fed. Reg. 16,666, 16,667, 16,669 (Apr. 21, 2025) (preliminary results) ("*CVD AR11 Prelim*"). At the time of initiation and rescission, Jinko did not have 2022 entries designated as subject to the Solar China CVD Order. Partial Consent Motion for Intervention (Apr. 27, 2026), ECF 14 ("Jinko Intervention Motion"), at 2-3; Proposed Plaintiff-Intervenor Jinko's Partial Consent Motion for Temporary Preliminary Injunction and Preliminary Injunction (May 8, 2026), ECF 31 ("Jinko PI Motion"), at 8-9.

2

On April 22, 2025, JingAo Solar Co., Ltd., Shanghai JA Solar Technology Co., Ltd., and JA Solar Technology Yangzhou Co., Ltd. (collectively, "JA Solar"), requested that Commerce extend the period of time for which companies were allowed to comment on Commerce's draft liquidation instructions for AR11. Letter from Mowry & Grimson to Commerce (Apr, 22, 2025), ACCES Barcode 4750862.[1] JA Solar made this request:

> given the complex interplay between this administrative review, which covers entries made in 2022, and POR entries that were converted to Type 3 after this review was initiated as a result of Commerce's anticircumvention inquiry applying this CVD order to exports from Vietnam, Thailand, Malaysia and Cambodia {"CMTV"} under facts specific to that inquiry and subsequent U.S. Customs and Border Protection {"CBP"} actions retroactively scrutinizing such entries.

*Id.*

Commerce that same day granted the requested extension. Commerce Memorandum (Apr. 22, 2025), ACCESS Barcode 4750997. JA Solar one week later again brought to Commerce's attention "the complex interplay between this administrative review, which covers entries made in 2022, and period of review entries that were converted to Type 03 <u>after</u> this review was initiated." Mowry & Grimson to Commerce (Apr. 29, 2025), ACCESS Barcode 4753975, at 2. JA Solar filed its Case Brief on May 12, 2025, summarizing its arguments as follows:

> Commerce's instructions to {CBP} must consider the complex interplay between this administrative review, which covers entries made in 2022, and period of review entries that were converted to Type 03 after this review was initiated as a result of {Commerce's} anticircumvention inquiry applying this antidumping duty ("AD") order to exports from {CMTV} under facts specific to that inquiry and subsequent CBP actions retroactively scrutinizing such entries.

---

[1] Because Commerce documents on ACCESS "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," they can and are judicially noticed. Fed. Rule Evid. 201(b)(2); *Calgon Carbon Corp. v. United States*, 145 F.Supp.3d 1312, 1327 (CIT 2016).

JA Solar Case Brief (May 12, 2025), ACCESS Barcode 4759721, at 1.

On August 27, 2025, upon first becoming became aware that CBP was redesignating its entries as subject to the Solar China CVD Order, Jinko filed comments requesting the same relief that JA Solar had requested. Jinko Intervention Motion Attachment; Jinko PI Motion, at 9. Jinko stated that it "shares the concerns expressed by JA Solar in its Case Brief." Jinko Intervention Motion Attachment at 4.

Jinko then requested that Commerce include its redesignated entries in CVD AR11. *Id*. Jinko argued that Commerce was required to take that action at that time, since Jinko entries had not been designated as subject to the China CVD Order when review requests were due in December 2023 or when the rescission of AR11 as to Jinko occurred in April 2025. *Id*. Indeed, the fact that Commerce rescinded AR11 as to Jinko confirmed that Jinko had no reviewable entries. *CVD AR11 Prelim*, 90 Fed. Reg. at 16,667, 16,669.

Commerce, on September 2, 2025 rejected Jinko's request as untimely. ACCESS Barcode 4819415. In January 2026, Commerce issued its final results for CDV AR11 that denied the relief requested by JA Solar. *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from the People's Republic of China*, 91 Fed. Reg. 3419 (Jan. 27, 2026) ("*Final Results*"), 91 Fed. Reg. 3419, Issues and Decision Memorandum ("IDM") at 26. In its IDM, at 26-27, Commerce relied on the same rationale that would have applied to Jinko had Commerce not rejected Jinko's August 27, 2025 letter.

In February 2026 Jinko filed its own appeal of CVD AR11. *Jinko Solar v. United States*, Court No. 26-1227, Summons (Feb. 26, 2026), ECF 1. However, in March 2026 Jinko realized that it was unable to pursue its appeal because at that time its entries had not been reclassified by

4

CBP as being covered by CVD AR11.[2] Jinko PI Motion at 10. However, **in April 2026 CBP reclassified certain Jinko 2022 entries as subject to AD/CVD.** Thus, as of April 2026, Jinko potentially is liable for CVD on its 2022 entries. This being the case, Jinko now has a basis for judicial relief against Commerce's decision to reject its September 2025 request to participate in CVD AR11 and to issue instructions to CBP to liquidate Jinko 2022 entries as being subject to the China CVD Solar Order.

Jinko is asking that this Court grant Jinko the identical relief that Trina is requesting for the identical reasons. In its Complaint, Trina acknowledges that it did not file a request to participate in CVD AR11 by the deadline in the normal review cycle. Complaint (Mar. 27, 2026), CF 9. Trina then stated at Paragraph 36:

> TTL and TEDC did not have rejected certification entries at the time administrative review requests were due, i.e., December 31, 2023. Nearly two years later, long after the deadline for administrative review requests and briefing had passed, CBP—acting on the certification regime instructed by Commerce—converted such entries to subject "type 03" entries. For Commerce to now say that parties should have foreseen—two years in advance—that entries could have become subject to review, was an abuse of discretion and not in accordance with law.

Trina's second count, at Paragraph 38 states:

> Commerce's determination that "the administration and evaluation of certifications. . . are within CBP's purview," was an abuse of discretion and not in accordance with law. Commerce created the certification regime, which includes eight different variations of certifications (two versions under Appendix IV, one for Appendix V, and one for Appendix VI, each one having one for the importer and one for the exporter), all of which are several pages long. Within the certification itself, Commerce required the input of 25 pieces of information for the importer certification, and 17 pieces of information for the exporter certification. Commerce is aware that many interested parties, if not all, have had certifications rejected by CBP due to clerical issues, (i.e., missing dates, signatures, or entry-specific information) unrelated to any substantive

---

[2]    When it filed its August 27, 2025 letter to Commerce and its Summons to this Court on February 26, 2026, Jinko had inaccurately believed that CBP had redesignated certain 2022 entries as subject to the China CVD Order.

deficiencies. Commerce has the sole authority to direct CBP to accept certifications with clerical errors. It is uniquely within Commerce's purview to address the certification issues plaguing solar importers, and Commerce's refusal to address the issue was an abuse of discretion and not in accordance with law.

These claims are identical to Jinko's claims for relief. Accordingly, Jinko filed a Motion to Intervene as a Plaintiff-Intervener in Trina's Civil Action and a Motion for a Preliminary Injunction to prevent improper liquidation of AR11 entries with assessment of CVD under the China CVD Order. Jinko's Motions to Intervene and for a Preliminary Injunction in this CVD AR11 appeal were opposed by Defendant.

## I.    JINKO DOES NOT SEEK TO EXPAND THE SCOPE OF THIS APPEAL

Defendant claims that Jinko is trying to "enlarge the issues before the court." Def. Br. at 16 (citing *Vinson v. Washington Gas Light Co*, 321 U.S. 489, 498 (1994), 25-29), 25-29. Defendant is wrong. In fact, Jinko is situated in the same position as Trina in this CVD appeal. Commerce is not including Trina and Jinko entities in CVD AR11because neither company had reviewable entries at the time interested parties were required to request reviews of CVD AR11. *Prelim*, 90 Fed. Reg. at 16,669. CBP redesignated Trina and Jinko entries as subject to the review after the normal opportunity to request a review no longer existed.

Defendant emphasizes that "Trina has raised no argument regarding Jinko's entries being properly certified." Def. Br. at 25. This is not the law. It is axiomatic that an intervenor may add entries using the same legal theory advanced by plaintiffs:

- "the principle of enlargement is better reserved for situations in which an intervenor adds new legal issues to those already before the court." *NSK Corp. v. United States*, 547 F.Supp.2d 1312, 1318 (CIT 2008); *Union Steel v. United States*, 617 F.Supp.2d 1373, 1382 (CIT 2009); *Fine Furniture (Shanghai) Ltd. v. United States*, 195 F.Supp.3d 1324, 1330 (CIT 2016); *NEXTEEL Co. v. United States*, 227 F.Supp.3d 1323, 1326 (CIT 2017);

- where an intervenor "is not injecting new legal issues into the original litigation," but instead seeks relief based on the same claims already before the Court,

intervention does not alter the nature of the proceeding. *NSK*, 547 F.Supp.2d at 1318.

- "the **fact that an intervenor brings additional entries to the litigation carries no weight with regard to enlargement**." *Id.* (emphasis added) (citing *Silver Reed Am., Inc. v. United States*, 600 F.Supp.846, 852 (CIT 1984), and *Laclede Steel Co. v. United States*, 1996 WL 384010, *3 (Fed. Cir. July 8, 1996)).

Longstanding and consistent judicial precedent confirms that Jinko's entries may benefit from Trina prevailing on the identical legal issue – whether Commerce unlawfully declined to include in CVD AR11 entries that were redesignated by CBP as subject to the China Solar Order after the opportunity to request a review had passed. Indeed, Defendant acknowledges the overwhelming precedent of this Court in which separate rate respondents are able to intervene and obtain preliminary injunctions, despite their entries not being at issue in appeals brought by mandatory respondents. Def. Br. at 28. These cases confirm that the Court's enlargement-of-issue analysis does not turn on whether the intervenor's entries' assessment rates are mathematically linked to the plaintiff's entries. Rather, the inquiry is whether the intervenor seeks to inject a new legal issue into the litigation.

This Court's ruling in *NSK* is particularly instructive because the plaintiff and plaintiff-intervenor there were not linked through a mandatory respondent/separate-rate relationship, nor were their duties mathematically tied to one another. The proposed plaintiff-intervenor in *NSK* was permitted to participate and obtain an injunction because it merely "reiterate{d} these exact arguments in its motion" and sought preliminary injunctive relief for its own entries. 547 F.Supp.2d at 1318. In reaching its decision in *NSK*, this Court distinguished *Vinson*, upon which Defendant relies, Def. Br. at 16, 29.

Jinko has not injected any new legal issue into this case, but is instead merely requesting that any relief to Trina on the legal issue of Commerce unlawfully declining to review CVD

7

AR11 entries designated by CBP as subject after the opportunity to request a review had passed be extended to Jinko. This common legal issue does not, as Defendant asserts, involve "a series of factual determinations relating to Trina's and Jinko's specific circumvention certifications on their entries." Def. Br. at 26. If Trina were to prevail, Commerce on remand would consider all entities seeking to be included in CVD AR11 on account of CBP's redesignation.

In fact, this Court can grant Jinko relief by invalidating Commerce's refusal to review entries redesignated by CBP after the normal opportunity to request a review had passed without having "to decide whether Commerce rightfully rejected Jinko's {August 2025} filing." *Id*. The common legal issue for Trina and Jinko is whether Commerce is required to include their entries in CVD AR11 when the entries were redesignated by CBP as subject to the China Solar Order, regardless of whether Jinko submitted comments. Jinko's right to intervene does not hinge on Commerce's rejection of its August 27, 2025 submission. Commerce reveals the fallacy of its position by claiming that only where "Commerce had affirmatively *not* rejected an untimely submission, there was standing to intervene." Def. Br. at 16. Commerce cannot unilaterally dictate which parties may intervene on appeal based on whether Commerce decided to accept a party's factual submission in the underlying proceeding; the propriety of intervention is for this Court to decide, without the Court's decision being controlled by Commerce. USCIT Rule 24.

## II.   DEFENDANT HAS ARBITRARILY OPPOSED JINKO'S INTERVENTION, PREJUDICING JINKO

Defendant consented to the intervention of Boviet Solar Technology Co., Ltd. ("Boviet") in Jinko's companion appeal of AR11 of the China Solar AD Order. *Jinko v. United States*, Case No. 26-811, Corrected Consent Motion to Intervene as Plaintiff-Intervenor, ECF 26 (Mar. 26, 2026). Like Jinko in CVD AR11, Commerce rescinded AD AR11 as to Boviet based on a lack of reviewable entries. *Compare CVD AR11 Prelim*, 90 Fed. Reg. at 16,667-69 *with Crystalline*

*Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from the People's Republic of China*, 90 Fed. Reg. 15,439, 15,440, 15,443 (preliminary results) (Apr. 11, 2025).

Defendant appears to have consented to Boviet intervening in AD AR11 while arbitrarily withholding such consent for Jinko in CVD AR11. "An agency action is arbitrary when the agency offer{s} insufficient reasons for treating similar situations differently." *SKF USA, Inc. v. United States*, 263 F.3d 1369, 1382 (Fed. Cir. 2001). As a result, Jinko is prejudiced because its CVD AR11 entries are not currently enjoined from liquidation, while this Court, in light of Defendant's consent, has enjoined Boviet's AD AR11 entries since May 1, 2026. *Jinko v. United States*, Case No. 26-811, Temporary Restraining Order (May 1, 2026), ECF 35. Jinko requests that this Court take immediate action to ameliorate the prejudice that Jinko is currently experiencing as a result of Defendant's arbitrary refusal to consent to intervention in the CVD AR11.

As an initial action, this Court should grant the proposed temporary restraining order appended hereto. By enjoining liquidation of Jinko CVD AR11 entries that remain unliquidated as of May 1, 2026, this judicial action will place Jinko in CVD AR11 in the same position as Boviet in AD AR11. Jinko understands Defendant's position that neither appeal is substantively meritorious, but objects to the procedural disparity through which Jinko CVD AR11 entries currently remain at risk of liquidation when liquidation of Boviet AD AR11 entries are currently enjoined.

## III. THE STATUTORY AND REGULATORY SCHEME REQUIRES THAT JINKO SHOULD BE ALLOWED TO PARTICIPATE IN CVD AR11

The starting point for this Court's analysis is Section 751(a), Tariff Act of 1930, as amended ("Act"), which provides in pertinent part that:

> At least once during each 12-month period beginning on the anniversary of the date of publication of a . . . {CVD} order under this subtitle. . . the administering authority, if a request for such a review has been received and after publication of notice of such review in the Federal Register, shall . . . review, and determine . . . the amount of any {CVD}, and . . .shall publish in the Federal Register the results of such review. . . .

19 U.S.C. § 1675(a).

On its face, Section 751(a) of the Act requires that Commerce review the CVD rate applicable to AR11 exports of Trina and Jinko. The statutory language expressly provides that Commerce "shall review and determine" the amount of CVD due whenever a "request for a review has been received." *Id*. In this case, on August 27, 2025, Jinko requested that Commerce review its exports of subject solar cells. Jinko Intervention Motion Attachment. This request was based on the fact that in an August 23, 2023, decision in the anticircumvention ("AC") inquiries of subject solar cells from China, Commerce expressly and unequivocally stated:

> If CBP determines that an importer or exporter's certification does not conform to Commerce's requirements, such that the entry is subject to the *Orders*, the importer or exporter can request an administrative review of that entry wherein Commerce will determine the appropriate AD/CVD assessment for the entry.

*Antidumping and Countervailing Duty Orders on Crystalline Silicon Photovoltaic Cells , Whether or Not Assembled Into Modules, from the People's Republic of China: Final Scope Determination and Final Affirmative Determinations of Circumvention With Respect to Cambodia, Malaysia, Thailand, and Vietnam*, 88 Fed. Reg. 57,419 (Aug. 23, 2023) ("*AC Final*"), Vietnam IDM Comment 15 & Malaysia IDM Comment 14.

Jinko's August 27, 2025, letter stated that it "contains information relating to this review period, which was not available prior to the Department's preliminary results." Jinko Intervention Motion Attachment at 5. On September 2, 2025, Commerce rejected Jinko's August 2025 letter as untimely, and removed it from the administrative record because:

10

the deadline for filing this type of factual information is "30 days before the scheduled date of the preliminary results in an administrative review . . . Jinko Solar's submissions contained new factual information and were untimely filed as they were placed on the record after the appropriate deadline. . . .

Letter from U.S. Department of Commerce to Jinko (Sept. 2, 2025), ACCESS Barcode 4819485.

The propriety of Commerce's August 2025 request is not the issue before this Court; rather, the issue is whether the failure of Jinko's to request a review of its CVD AR11 entries by December 31, 2023, constitutes an absolute bar to judicial intervention and injunctive relief.

Since the statutory language supports Jinko's position that this Civil Action should not be terminated with respect to Jinko and Trina exports at this time, Defendant looks for support for its argument in Commerce Regulations. In its Motion, Defendant summarized the Regulations as follows:

> After Commerce publishes a duty order, the statute requires, **at least once** every 12 months, that Commerce provide an opportunity for interested parties to file requests to review the duties on merchandise entered during a particular period of review. . . . **During the anniversary month, "an exporter or producer covered by an order" specifically "may request in writing that the Secretary conduct an administrative review of only that person."** 19 C.F.R. § 351.213(b)(2). However, if Commerce does not receive a timely request for an administrative review, it instructs Customs to (1) assess duties at "rates equal to the cash deposit of . . . estimated {AD} . . . required on that merchandise at the time of entry" and (2) continue to collect cash deposits at the existing rate. 19 C.F.R. § 351.212(c)(1)(i)–(ii). If an administrative review is not conducted, the cash deposit rate from the final determination in the underlying investigation or the most recently completed administrative review will be the basis for the final duty assessed.

Def. Br. at 11 (emphasis added) (citing *Goodluck India Limited v. United States*, 670 F.Supp.3d 1353, 1374 (CIT 2023)).

The problem with Defendant's argument is that at the time when Jinko and Trina were permitted to request a review of their AR11 exports (by December 31, 2023), neither company was an exporter or producer of merchandise covered by the China Solar CVD Order. Jinko's exports of solar products during CVD AR11 POR consisted of: (1) solar cells and modules made

11

outside of China from wafers made outside of China; (2) solar cells and modules which

Commerce concluded were not circumventing the China Solar CVD Order; and (3) solar cells

and modules on which AD/CVD could not be collected or assessed because of the Moratorium.

*See Proclamation No. 10,414, Declaration of Emergency and Authorization for Temporary*

*Extensions of Time and Duty-Free Importation of Solar Cells and Modules from Southeast Asia*,

87 Fed. Reg. 35,067, 35,068 (Jun. 9, 2022).[3] None of these exports fall within the scope of the

China Solar CVD Order; all were correctly entered as not subject to AD/CVD. As such, neither

Trina nor Jinko had the right to request a review of the China Solar CVD Order during its

anniversary month in December 2023.

In light of these facts, which Defendant acknowledges constitute "unusual

circumstances," Def. Br. at 12 n.5, 13, 20, the time restrictions in Section 351.213 cannot apply

to Jinko or Chint..

## IV.    JINKO IS AN INTERESTED PARTY

Defendant argues that Jinko is not an interested party because: "No Jinko entity was

subject to the final results contested here because of the rescission," directing this Court's

attention to the statutory definition of the term "interested parties" and noting that "Jinko is not a

foreign manufacturer, producer, or exporter of subject merchandise subject to the review." Def.

Br. at 12. Defendant continues: "Where, as here, a company fails to request to be reviewed, its

entries are not subject merchandise and that company is not an interested party . . . . Without

being an interested party, Jinko lacks standing to intervene in cases before this Court." *Id*. at 14.

Defendant misconstrues the statutory scheme. The term "interested party" is defined in

---

[3]    In *Auxin Solar v. United States*, 798 F.Supp.3d 1331 (CIT 2025), this Court invalidated the Moratorium. That decision has been appealed to the Federal Circuit. Case No. 2025-2120.

Section 771(9)(A) of the Act as "a foreign manufacturer, producer, or exporter, or the United States importer, of subject merchandise or a trade or business association a majority of the members of which are producers, exporters, or importers of such merchandise." 19 U.S.C. § 1677(9)(A). This definition is repeated in Section 351.102(29)(i) – (iii), Commerce Regulations. Section 351.102(29)(4) then defines Respondent interested party as "an interested party described in subparagraph (A) or (B) of Section 771(9) of the Act."[4] 19 C.F.R. § 351.102(29)(4). The term "subject merchandise" is defined in Section 771(25) of the Act as "the class or kind of merchandise that is within the scope of an investigation, a review, a suspension agreement, an order under this subtitle or section 1303 of this title, or a finding under the Antidumping Act, 1921." 19 U.S.C. § 1677(25).

These definitions do not limit the term "interested party" to a party "subject to the review," or the term "subject merchandise" to merchandise exported/imported by a party subject to a review. In this case, CBP decided that Jinko fell squarely within the statutory and regulatory definition of "interested party" when CBP changed the status of Jinko entries in the CBP system from types not subject to AD/CVD, to types subject to the Solar China AD/CVD Orders. In December 2023, Jinko was not an exporter or producer "covered by an order" for purposes of 19 C.F.R. § 351.213(b)(2), and had no reviewable suspended entries for which an administrative review could effectively be requested. After CBP changed its entries in May 2025, Jinko became an interested party.

Thus, since Defendant's claim that Jinko is not an "interested party" misconstrues the law, Defendant's argument that this Court cannot permit Jinko's intervention, pursuant to

---

[4]    Section 771(9)(B) of the Act refers to "the government of a country in which such merchandise is produced or manufactured or from which such merchandise is exported." 19 U.S.C. § 1677(9)(B). This statutory subsection is not relevant to this case.

13

Section 516a(a) of the Act and 28 U.S.C. § 2631(c) is similarly erroneous. These statutes provide that "an interested party who is a party to a proceeding" has the right to file an action in this Court challenging Commerce's decision in an Annual Review, 19 U.S.C. § 1516a(a), and that a Civil Action challenging the results of an Annual Review may be commenced "by any interested party who was a party to the proceeding in connection with which the matter arose." 28 U.S.C. § 2631(c).

In this case, Jinko and Trina became interested parties when CBP changed the status of their entries. While Defendant claims that "Jinko has not suggested it was unaware of the deadline" to request an administrative review of CVD AR11, Def. Br. at 13, Trina and Jinko's entries were not reviewable at the time of the deadline. For purposes of deciding intervention at this time, this Court should accept the fact that Jinko and Trina are interested parties.

## V.    *GOODLUCK* IS CLEARLY DISTINGUISHABLE FROM THE FACTS, CIRCUMSTANCES, AND LEGAL ISSUES RAISED IN THIS CASE

Defendant's Motion relies on this Court's decision in *Goodluck*, 670 F.Supp.3d 1353, as precedent for its claim. Def. Br. at 11-13. In *Goodluck,* this Court reasoned that the fact that subject mechanical tubing produced and exported by Goodluck were "provisionally excluded" from the AD Order did not mean that Goodluck was excluded or that Goodluck did not have the responsibility of making a timely review request during the Anniversary Month. *Id*. at 1375. The specific facts and circumstances underlying the *Goodluck* decision were that:

1) Goodluck remained covered by the AD Order, insofar as subject merchandise produced by Goodluck and not exported by Goodluck, or exported by Goodluck but not produced by Goodluck, were not provisionally excluded;

2) "Goodluck does not offer any other statutory or regulatory authority for an enduring right to request";

14

3)  Commerce's "*Timken* Notice" which "provisionally excluded" certain Goodluck entries from the Order also provided that "suspension of liquidation {of the excluded entries} must continue during the pendency of the appeals process . . . at a cash deposit rate of 0.00 percent"; and

4)  Goodluck was challenging Commerce's liquidation instructions to CBP that Goodluck AR3 entries should be liquidated at the rate of 33.7 percent because no party had requested that Commerce conduct a review of these entries.

*Id*. at 1362-74.

In reaching its decision in *Goodluck*, this Court expressly recognized that: "The holding here is a narrow one." *Id*. at 1374. This Court reasoned that "the court expresses no view on whether a full provisional exclusion from an {AD} order in a <u>Timken</u> notice would, for the purposes of 19 C.F.R. § 351.213(b)(2), render a producer or exporter no longer "covered by" that order, and if so, whether Commerce would owe additional process." *Id*. at 1373. The facts and circumstances in the instant case are significantly different from the facts which led to the "narrow" *Goodluck* holding.

First, Jinko and Trina were never covered by the China Solar CVD Order in the same manner as Goodluck was covered by the AD Order on mechanical tubing from India. The China Solar CVD Order was expanded by the {AC} investigation to cover certain products produced in and exported from {CMTV}." *AC Final*, 88 Fed. Reg. 57,419. Jinko's exports of solar modules from Vietnam and Malaysia, which were imported with Appendix V or Appendix VI certifications were not initially included in the Solar China CVD Order and then provisionally excluded from that Order – as occurred in *Goodluck*. Similarly, Jinko and Trina's entries of solar products subject to the Moratorium were not subject to collection or assessment of CVD when accompanied by Appendix IV Certifications. They were not subject to the China Solar CVD Order until CBP rejected the Certifications.

Second, as discussed above, Jinko and Trina have provided Commerce and this Court

15

with statutory and regulatory authority as to why they are entitled to an Annual Review. Section 751(a) of the Act mandates that Commerce conduct an annual review when requested to do so by an interested party and Section 351.213, Department Regulations, does not provide that the anniversary month of an Order is the only time in which an interested party has the right to request a review. Significantly, in this case, Commerce expressly stated that an importer whose AC Certifications were rejected by CBP had the right to request a review. *See AC Final*, 88 Fed. Reg. 57,419, Malaysia IDM Comment 14.

In this case, CBP did not reject AC Certifications of Jinko and Tina until after the normal time to request a review of AR11 entries had passed. Indeed, if Jinko or Trina had requested a review, their requests would have been rejected. *See, e.g., Certain Softwood Lumber from Canada*, 91 Fed. Reg. 19,102 (Apr. 14, 2026) (preliminary results"), Decision Memorandum § IV ("for an administrative review to be conducted, there must be a reviewable, suspended entry that Commerce can instruct CBP to liquidate at the calculated AD assessment rate for the review period."); *Truck and Bus Tires from the People's Republic of China*, 88 Fed. Reg. 44,260 (July 12, 2023) (final results), IDM § IV ("Because there is no evidence on the record to indicate that Chongqing Hankook had entries, exports, or sales of subject merchandise during the POR, we are rescinding the review with respect to this company, consistent with 19 CFR 351.213(d)(3).")

Third, unlike the facts and circumstances in *Goodluck*, Commerce's Notice which gave rise to the AC Certification requirements at issue in this case expressly provides the liquidation of entries subject to an Appendix V and VI Certification, which constitute the majority of Jinko's entries in AR11, should not be suspended. *AC Final*, 88 Fed. Reg. 57,419, 57,422. Thus, insofar as Jinko or Trina entries were accompanied by Appendix V or VI Certifications, their entries should have been liquidated without collection or assessment of CVD.

Fourth, Jinko timely sought to intervene in this action by filing its Motion to Intervene within 30 days of Trina's Complaint challenging the conclusion of CVD AR11, Commerce's *Final Results*, 91 Fed. Reg. 3419. Jinko Intervention Motion. While this factor arguably is a distinction without a difference between this case and *Goodluck*, Jinko clearly has the ability to intervene this action at this time.

Finally, this Court is not bound by the *Goodluck* rationale. *See Algoma Steel Corp. v. United States*, 865 F.2d 240, 243 (Fed. Cir. 1989) ("among trial courts it is unusual for one judge to be bound by the decisions of another and, if it is to occur, such a rule should be stated somewhere. That is not done here"); *D&L Supply Co. v. United States*, 22 CIT 539, 540 (1998) ("the Court notes that it is not bound by a decision of another judge of the same court, although such a decision may be persuasive precedent"). Indeed, Jinko's counsel, who also was *Goodluck*'s counsel, respectfully submits that *Goodluck* was improperly deprived of its right to an Annual Review of its AR3 entries, in light of the statutory language and Commerce's practice in provisional revocation scenarios. However, as discussed above, the *Goodluck* rationale does not apply to the facts and circumstances underlying Jinko and Trina's actions. Regardless of whether this Court agrees with *Goodluck*, this Court should conclude that liquidation of Jinko's entries should be enjoined pending a final decision on the merits of Trina's claims.

## VI.    JINKO SOLAR IS ENTITLED TO A PRELIMINARY INJUNCTION

Defendant argues that this Court should deny Jinko's Motion for a Preliminary Injunction. Def. Br. at 16-25. Defendant initially claims that the Motion should be denied because this Court Jinko lacks standing to intervene. *Id*. at 15. As discussed in detail above, Jinko has a right to intervene. Sections III-IV, *supra*. If this Court agrees, then Jinko would be in the identical procedural position as Trina; that is, entitled to an injunction. Defendant further

argues that this Court should deny the injunction based on the four factor test. Def. Br. at 17-26.

A discussion of these factors follows.

### A.        Likelihood of Success on the Merits

**Defendant:** the actual dispute is with CBP's conversion of entries after CBP reclassification of Jinko's entries, months after Commerce had issued the final results. *See* PI Mot. at 9-10, 14-16. That dispute, however, is *not with the results of this administrative review.* . . .

Jinko Is Not likely To Succeed Having Failed to Exhaust Its Remedies . . . .

Jinko did not timely raise that Commerce should review its entries which CBP determined had deficient certifications before Commerce. . . .

Def. Br. at 17-18 (emphasis in original), 21-22.

**Jinko Response:** In its Complaint, Trina challenged the *Final Results* by alleging that

Commerce acted contrary to law as follows:

**COUNT ONE** . . . . TTL and TEDC did not have rejected certification entries at the time administrative review requests were due, i.e., December 31, 2023. Nearly two years later, long after the deadline for administrative review requests and briefing had passed, CBP—acting on the certification regime instructed by Commerce—converted such entries to subject "type 03" entries. For Commerce to now say that parties should have foreseen—two years in advance—that entries could have become subject to review, was an abuse of discretion and not in accordance with law.

**COUNT TWO** . . . . Commerce's determination that "the administration and evaluation of certifications. . . are within CBP's purview," was an abuse of discretion and not in accordance with law. Commerce created the certification regime, which includes eight different variations of certifications (two versions under Appendix IV, one for Appendix V, and one for Appendix VI, each one having one for the importer and one for the exporter), all of which are several pages long. Within the certification itself, Commerce required the input of 25 pieces of information for the importer certification, and 17 pieces of information for the exporter certification. Commerce is aware that many interested parties, if not all, have had certifications rejected by CBP due to clerical issues, (i.e., missing dates, signatures, or entry-specific information) unrelated to any substantive deficiencies. Commerce has the sole authority to direct CBP to accept certifications with clerical errors. It is uniquely within Commerce's purview to address the certification issues plaguing solar importers, and Commerce's refusal to address the issue was an abuse of discretion and not in accordance with law.

18

Complaint (Mar. 27, 2026), ¶¶ 36, 38.

Defendant is correct that Jinko and Trina have a dispute with CBP over "CBP's conversion of entries in 2026 after CBP 'began questioning the applicability of the certifications provided by Jinko'". Def. Br. at 19 (quoting Jinko PI Motion at 9-10). But Jinko and Trina have an equally meritorious dispute with Commerce, which expressly and unequivocally advised that these companies had a right to an Annual Review if CBP rejected their Certifications. Accordingly, for the reasons discussed in Jinko and Trina's PI Motions, their likelihood of success on the merits is more than sufficient to be entitled to injunctive relief.

Defendant's exhaustion defense is meritless because "exhaustion may be excused if the issue was raised by another party, or if it is clear that the agency had an opportunity to consider it." *Holmes Prod. Corp. v. United States*, 16 CIT 1101, 1104 (1992). Here JA Solar raised the precise issue raised by Jinko, namely requesting that Commerce review in CVD AR11 entries that had been redesignated as subject by CBP after the AR was rescinded and Commerce expressly denied that request. *Final Results*, 91 Fed. Reg. 3419, IDM at 26. The issue was exhausted by JA Solar and is not specific to JA Solar entries. To the extent Jinko was obligated to have exhausted its administrative remedies, doing so would have been futile given that Commerce denied the precise request for JA Solar. Such futility is manifest; Jinko is not pleading for an equitable exception to jurisdiction as Defendant claims. Def. Br. at 22 n.8. The claimed failure to exhaust therefore does not present an obstacle to granting the injunction requested by Jinko.

## B.  Irreparable Injury

The premise that liquidation of Jinko entries at a CVD rate assigned as if there were no reviewable entries would constitute irreparable harm is not a premise based on an assumption; rather, it is the real consequence of liquidation. Liquidation would deprive Jinko of its statutory

right of review. It would deprive Jinko of its right to challenge Commerce's failure to properly

administer the AC Certification scheme which Commerce created. CBP is required to accept

Commerce's calculation of CVD rates, and liquidation of Jinko's entries at this rate would result

in Jinko being subject to CVD liability of a very substantial amount of money.

For these reasons, this Court has held that "liquidation of entries extinguishes the

underlying *res* and the accompanying cause of action, stripping {the} Court of the ability to

provide a remedy to an importer." *Laclede Steel Co, v. United States*, 20 CIT 712 (1996). *See*

*Zenith Radio Corp. v. United States*, 710 F.2d 806, 810 (Fed. Cir. 1983) ("The statutory scheme

has no provision permitting reliquidation in this case or imposition of {a different rate for}

dumping duties after liquidation if {plaintiff} is successful on the merits"). Accordingly, the

consequences of liquidation prior to a final court decision constitute irreparable harm. *Id.* at 811.

This injury is not only because of the economic loss, but also by the deprivation of the statutory

right to obtain meaningful judicial review. *NMB Singapore Ltd. v. United States*, 24 CIT 1239,

1243-44 (2000).

Finally, under the statute, Jinko is entitled to relief under this Court's ultimate judgment

in this case only as to entries that are enjoined by the Court. 19 U.S.C. § 1516a(e)(2). Hence,

without an injunction, Jinko will unquestionably suffer irreparable harm.

### C.        Public Interest and Balance of Hardships

**Defendant**: It is squarely in the interest of the public that the Court uphold the
jurisdictional limitations on its own ability to adjudicate a dispute where the statute
demands it. . . . Further, allowing a party such as Jinko to parachute into a review and
challenge the final results without *timely* requesting review or otherwise timely
raising its arguments before Commerce places those entities which did timely request
review under 19 U.S.C. § 1675(a)(1) at a relative disadvantage.

Def. Br. at 24.

**Jinko Response:** Unless its request for an injunction is granted, Jinko faces a "viable

20

threat of serious harm which cannot be undone." *Zenith*, 710 F.2d at 810. In contrast, Defendant "would be at most inconvenienced by the suspension of liquidation." *Timken*, 6 CIT at 81. Defendant will suffer no material harm from the delay in liquidation because the continued suspension of the subject entries will enable it to ultimately collect whatever CVD (if any) are appropriate for Jinko Solar's AR11 entries. Thus, the balance of hardships favors Jinko and its request for an injunction.

Moreover, the public interest is best served by effective enforcement of the trade laws, ensuring that the correct CVD are collected. *Smith-Corona Group v. United States*, 1 CIT 89, 98 (1980). In addition, the injunction will preserve the serious questions raised by Jinko with respect to the appropriate liquidation of Jinko's CVD AR11 entries. Absent the ability to preserve these issues, plaintiffs' "statutory right to obtain judicial review of the determination would be without meaning." *Zenith*, 710 F.2d at 810.

## CONCLUSION

For the foregoing reasons, Jinko respectfully requests that this Court grant Jinko's Motions to Intervene and for a Preliminary Injunction.

Respectfully submitted,

*/s/ Ned H. Marshak*
Ned H. Marshak*
Jordan C. Kahn
Elaine F. Wang
Brandon M. Petelin

GRUNFELD, DESIDERIO, LEBOWITZ,
SILVERMAN & KLESTADT LLP

*599 Lexington Ave., 36th Floor
New York, New York 10022
(212) 557-4000
**

21

1201 New York Ave., NW, Suite 650
Washington, DC 20005
(202) 783-6881

*Counsel to Proposed Plaintiff-Intervenors JinkoSolar (U.S.) Inc., Jinko Solar (U.S.) Industries Inc., Jinko Solar Import and Export Co., Ltd., Jinko Solar Co., Ltd., Zhejiang Jinko Solar Co., Ltd., Jiangxi Jinko Photovoltaic Materials Co., Ltd., Xinjiang Jinko Solar Co., Ltd., JinkoSolar (Chuzhou) Co., Ltd., JinkoSolar (Shangrao) Co., Ltd., JinkoSolar (Sichuan) Co., Ltd., JinkoSolar (Yiwu) Co., Ltd., Jinko Solar (Haining) Co., Ltd. (f/k/a Jinko Solar Technology (Haining) Co., Ltd.), Ruixu Industrial Co., Ltd., Yuhuan Jinko Solar Co., Ltd., Jinko Solar (Shanghai) Management Co., Ltd., Jinko Solar International Limited, Jinko Solar (Malaysia) Sdn. Bhd., Jinko Solar Technology Sdn. Bhd., Jinkosolar Middle East DMCC, Jinko Solar (Vietnam) Industries Company Limited (a/k/a Jinko Solar (Vietnam) Industries Co., Ltd.), and Jiangsu Jinko Tiansheng Solar Co., Ltd. (a/k/a Jiangsu Jinko Tian Sheng Solar Co., Ltd.)*

Dated:  June 22, 2026

## CERTIFICATE OF COMPLIANCE

As required by Paragraph 2 of the Standard Chambers Procedures of the Court of International Trade, I, Ned H. Marshak, hereby certify that this brief complies with the word limitations set forth in Paragraph 2(B) of the Standard Chamber Procedures  Excluding any table of contents, table of authorities, signature block and any certificates of counsel, the word count for this brief is 6,743 words.

/s/ Ned H. Marshak
Ned H. Marshak

GRUNFELD, DESIDERIO, LEBOWITZ, SILVERMAN & KLESTADT LLP

599 Lexington Ave., 36th Floor
New York, New York 10022
(212) 557-4000
**
1201 New York Ave., NW, Suite 650
Washington, DC 20005
(202) 783-6881

Counsel to Proposed Plaintiff-Intervenors

June 22, 2026

15279485_1