**THE UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE: THE HONORABLE JOSEPH A. LAROSKI, JR., JUDGE

| | |
|---|---|
| TRINA SOLAR SCIENCE & TECHNOLOGY (THAILAND) LTD. and TRINA SOLAR ENERGY DEVELOPMENT COMPANY LIMITED, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> ALLIANCE FOR SOLAR MANUFACTURING AND TRADE COMMITTEE, <br><br> Defendant-Intervenor. | Court No. 26-01222 |

**ORDER**

Upon consideration of the plaintiff Trina Solar Energy Development Company Limited's motion for preliminary injunction, defendant's partial motion to dismiss and response in opposition to plaintiff's motion, and all other papers, it is hereby

**ORDERED** that the plaintiff's motion for preliminary injunction is denied; and, it is further

**ORDERED** that the defendant's partial motion to dismiss is granted; and, it is further

**ORDERED** that the plaintiff's action is dismissed.

Dated: _____

New York, New York                                           _____

                                                                                    JUDGE

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE: THE HONORABLE JOSEPH A. LAROSKI, JR., JUDGE

|  |  |  |
|---|---|---|
| TRINA SOLAR SCIENCE & TECHNOLOGY (THAILAND) LTD. and TRINA SOLAR ENERGY DEVELOPMENT COMPANY LIMITED, | ) ) ) ) ) ) | |
| Plaintiffs, | ) | |
| v. | ) | Court No. 26-01222 |
| UNITED STATES, | ) ) ) | |
| Defendant, and | ) ) ) | |
| ALLIANCE FOR SOLAR MANUFACTURING AND TRADE COMMITTEE, | ) ) ) ) | |
| Defendant-Intervenor. | ) ) | |

**DEFENDANT'S REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

TARA K. HOGAN
Assistant Director

TATE NATHAN WALKER
Trial Attorney
Commercial Litigation Branch
U.S. Department of Justice
Civil Division
P.O. Box 480
Ben Franklin Station
Washington, D.C., 20044
Tel: (202) 307-0163
Email: Tate.Walker@usdoj.gov

OF COUNSEL:
KARL MUELLER
Attorney
Department of Commerce
Office of Chief Counsel for Trade
Enforcement & Compliance
1401 Constitution Avenue, NW
Washington, DC 20230

July 13, 2026                                            *Attorneys for Defendant*

**TABLE OF CONTENTS**

**I.**    TEDC Is Not An Interested Party nor a Party to The Proceeding............................2

**II.**    TEDC Failed to Exhaust Administrative Remedies.................................................7

i

# TABLE OF AUTHORITIES

Cases

*Bradley v. Chiron Corp.*,
  136 F.3d 1317 (Fed. Cir. 199) ................................................................ 3

*China Cornici Co. v. United States*,
  799 F.Supp.3d 1373 (Ct. Int'l Trade 2025) ........................................... 6

*Encon Indus. v. United States*,
  18 C.I.T. 867 (1994) ............................................................................... 2

*Goodluck India Ltd. v. United States*,
  670 F. Supp. 3d 1353 (Ct. Intl. Trade 2023) .................................. 5, 9, 10

*Govt. of Canada v. United States*,
  686 F. Supp. 3d 1320 (Ct. Int'l Trade 2024) ......................................... 2

*Holmes Prod. Corp. v. United States*,
  16 C.I.T. 1101 (1992) ............................................................................. 7

*Legacy Classic Furniture, Inc. v. United States*,
  774 F. Supp. 2d 1293 (Ct. Int'l Trade 2011) ......................................... 2

*Pakfood Pub. Co. v. United States*,
  724 F.Supp.2d 1327 (Ct. Int'l Trade 2010) ........................................... 7

*Specialty Merch. Corp. v. United States*,
  477 F. Supp. 2d 1359 (2007) .................................................................. 2

*Trina Solar (Vietnam) Science & Technology Co. v. United States*,
  No. 23-00228, 2026 WL 755109 (Ct. Int'l Trade Mar. 17, 2026) ........ 10

Statutes

19  U.S.C. § 1675(a)(1) ............................................................................. 9

19 U.S.C. § 1677(9)(A) .............................................................................. 5

19 U.S.C. § 1677(25) ............................................................................. 4, 5

19 U.S.C 1675(a) ....................................................................................... 4

28 U.S.C. § 2631 ....................................................................................... 5

28 U.S.C. § 2631(c) ............................................................................ 2, 5, 7

Regulations

19 C.F.R. § 351.102(b)...................................................................................................... 3

19 C.F.R. § 351.212 ........................................................................................................ 5

19 C.F.R. § 351.309(c)(2) ...............................................................................................11

19 CFR 351.213 .............................................................................................................. 9

19 CFR § 351.212(c).......................................................................................................... 9

19 C.F.R. § 351.213 ........................................................................................................ 6

Other Authorities

*Crystalline SiliconPhotovoltaic Cells, Whether or Not Assembled Into Modules, From the People'sRepublic of China: Countervailing Duty Order, 77 F*ed. *R*eg. 73,017(Dep't of Commerce Dec. 7, 2012) ..................................................................................................... 6

*Initiation of Antidumpingand Countervailing Duty Administrative Reviews*, 89 Fed. Reg. 8,641, 8,646-47(Dep't of Commerce Feb. 8, 2024)................................................................... 7

*Antidumping and Countervailing Duty Orders onCrystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules,From the People's Republic of China: Final Scope Determination and FinalAffirmative Determinations of Circumvention With Respect to* .......... 9

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE: THE HONORABLE JOSEPH A. LAROSKI, JR., JUDGE

| | |
|---|---|
| TRINA SOLAR SCIENCE & TECHNOLOGY (THAILAND) LTD. and TRINA SOLAR ENERGY DEVELOPMENT COMPANY LIMITED,<br><br>        Plaintiffs,<br><br>        v.<br><br>UNITED STATES,<br><br>        Defendant,<br><br>        and<br><br>ALLIANCE FOR SOLAR MANUFACTURING AND TRADE COMMITTEE,<br><br>        Defendant-Intervenor. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Court No. 26-01222<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S REPLY IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

The United States respectfully submits this reply in support of our motion to dismiss in part the complaint filed by plaintiff Trina Solar Energy Development Company Limited (TEDC) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.  In our motion, we established that this Court lacks jurisdiction to entertain TEDC's challenge to the Department of Commerce's final results of the 2022 administrative review concerning crystalline silicon photovoltaic cells, whether or not assembled into modules (solar cells) from the People's Republic of China (China).  We further established that, in the alternative, TEDC failed to allege facts sufficient for this Court to grant relief because TEDC failed to exhaust its administrative remedies.  In its response, TEDC disputes Commerce's

interpretation of the Court's jurisdictional statute and argues TEDC did not fail to exhaust its administrative remedies.  TEDC's arguments, however, cannot be reconciled with this Court's jurisdictional statute.

## I.    TEDC Is Not An Interested Party nor a Party to The Proceeding

We explained in our motion that, with respect to the challenged administrative review, TEDC must be both an interested party and a party to the proceeding for this Court to possess jurisdiction under 28 U.S.C. § 2631(c).  Defendant's Motion (Def. Mot.), ECF No. 35 (May 15, 2026).  We explained that, with respect to the contested administrative review, TEDC is neither a party to the proceeding nor an interested party.

While the statute does not define the term "party to the proceeding," this Court has found that the party to the proceeding standard requires factual submissions or written arguments "that reasonably convey the separate status of a party, . . . and provide {the agency} with notice of a party's concerns."  *Govt. of Canada v. United States*, 686 F. Supp. 3d 1320, 1327 (Ct. Int'l Trade 2024) (quoting *Specialty Merch. Corp. v. United States*,  477 F. Supp. 2d 1359, 1361 (2007)); s*ee also Encon Indus. v. United States*, 18 C.I.T. 867, 867-69 (1994) ("The court is inclined to view the participation requirement as intending meaningful participation, that is, action which would put Commerce on notice of a party's concerns"); *Legacy Classic Furniture, Inc. v. United States*, 774 F. Supp. 2d 1293, 1295 (Ct. Int'l Trade 2011) (finding that subjective intent to participate is irrelevant when that intent was not conveyed to Commerce).

TEDC argues that its comment on the U.S. Customs and Border Protection (CBP or customs) data that Commerce placed on the record is sufficient to convey party to the proceeding

2

status, a comment that it failed to plead the existence of in its complaint.[1]  Plaintiffs' Reply to

Partial Motion to Dismiss (Pl. Resp.), ECF No. 40 (June 22, 2026) at 7.  However, TEDC's

submission did not alert Commerce to the concerns TEDC now brings before this Court.  *See*

*generally* Letter from Trade Pacific PLLC (Mar. 21, 2024) (P.R. 38, C.R. 4) (TEDC Comment).[2]

Indeed, as TEDC concedes, the letter only "asserted TEDC's understanding that it had no

shipments during the period."  Pl. Resp at 7; *see generally* TEDC Comment.  While we agree the

standard to be a party to the proceeding need not be onerous, TEDC has failed to meet even that

low burden to provide the agency an inkling of TEDC's concerns.

TEDC separately argues that Commerce was on notice because of the concerns raised by

JA Solar.  Pl. Resp. at 8.  However, the argument raised in JA Solar's case brief is different from

the argument that TEDC advances here.  *See generally* JA Solar Case Brief (P.R. 150).  JA Solar

argued before Commerce that Commerce should issue special customs instructions to CBP "that

CBP should not liquidate pursuant to Commerce's affirmative circumvention finding . . . until

specific instructions are issued by Commerce."  *Id.* at 6.  Meanwhile, the counts outlined in

TEDC's complaint, demand for judgement, and prayer for relief make no mention that

Commerce should have issued any special customs instructions, but rather that Commerce

---

[1]  Importantly, TEDC failed to allege facts supporting that it was a party to the proceeding in its complaint.  *See generally* Complaint (Compl.), ECF No. 9 ¶2 (Mar. 27, 2026) (making no mention of TEDC's submission and instead merely asserting that "Plaintiffs participated in the administrative review, and thus each are a party to the proceeding as defined in 19 C.F.R. § 351.102(b)").  Such conclusory allegations are not enough to state a claim as we pointed out in our motion to dismiss.  Resp. at 27-28; *see Bradley v. Chiron Corp.*, 136 F.3d 1317, 1322 (Fed. Cir. 199) ("Conclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim.")

[2]  All references to the public and proprietary documents in this proceeding are abbreviated as "P.R. __" and "C.R. __," respectively.  *See* Administrative Record Index, ECF No. 30 (May 6, 2026).

should have conducted review regardless of the fact that review for TEDC was not requested, timely or otherwise.  *See* Compl. ¶¶ 33-39.  Moreover, JA Solar's participation would merely confer party to the proceeding status on JA Solar, but did not convey to Commerce that TEDC, a separate entity from JA Solar, faced a similar situation or had similar concerns.  Indeed, Commerce was first notified of TEDC's concerns related to this CVD administrative review by commencement of this action.  *See* Compl. ¶¶ 23-28.  As such, TEDC was not a party to the proceeding and does not have standing to challenge the contested administrative review.  Its claim must be dismissed.

TEDC additionally argues that it is an interested party simply by virtue of being subject to the order at all.  Pl. Resp. at 4-6, 9-13.  Whether TEDC had merchandise subject to the order does not render TEDC's merchandise "the class or kind of merchandise that is within the scope of" the administrative review TEDC challenges.  The statute defines subject merchandise as merchandise "*within the scope of an investigation, a review*, a suspension agreement, an order under this title . . . , or a finding under the Antidumping Act, 1921."  19 U.S.C. § 1677(25) (emphasis added).  The proceeding TEDC challenges is Commerce's administrative review.  But TEDC's merchandise was not within the scope of the review because no one requested TEDC be reviewed.  Under TEDC's reading of the statute, no party would ever have to request to be reviewed and could simply parachute into an ongoing proceeding at any point, simply by being subject to the original order.  Under the statute Commerce conducts reviews of "a countervailing duty order . . ., an antidumping duty order . . ., or a notice of the suspension of an investigation{.}" 19 U.S.C 1675(a).  Inclusion of the word "review" in the definition of subject merchandise would therefore be superfluous under TEDC's interpretation of section 1677(25) if merchandise "within the scope" of an order or suspension agreement was also always "within the

4

scope" of a review.  Rather, TEDC's entries were not subject merchandise that is "within the scope of . . . a review" in question in this litigation under 19 U.S.C. § 1677(25).  TEDC therefore was not an interested party as required by 19 U.S.C. § 1677(9)(A).  As such, TEDC does not have standing under 28 U.S.C. § 2631(c).  *See* IDM at 26.

TEDC's view completely overlooks the precise and detailed statutory and regulatory scheme governing administrative reviews.  *See* 19 C.F.R. § 351.212; 19 U.S.C. §§ 1673d(c)(1)(B)(ii), 1673e(c)(3).  Congress did not design 28 U.S.C. § 2631 to allow respondent to circumvent these requirements.  This Court said as much in *Goodluck India*.  In that case, the plaintiff argued that because it was not covered by the final antidumping duty determination, it "had no right to request {an administrative review} during the anniversary month."  *Goodluck India Ltd. v. United State*s, 670 F. Supp. 3d 1353, 1371 (Ct. Intl. Trade 2023).  The Court observed that "{i}mplicit in this argument is that when the right to request was unavailable during the anniversary month, Goodluck was otherwise entitled to a right to request at some other time.  Not so, on both counts."  *Id*. at 1372.  Thus, the order has "sufficient scope to include or take into account a particular exporter or producer in order for that exporter or producer to request AR."  *Id.*[3]  Failing to timely request annual review subjects a party to the rates in the last administrative review of the order automatically.  19 C.F.R. § 351.212(c)(1)(i-ii).

TEDC also suggests that, even if it has missed the deadline to request an administrative review, it can still challenge because its entries were within the scope of the countervailing duty order on solar cells and modules from China.  Pl. Resp. at 5.  Any challenge to a countervailing

---

[3] TEDC had this opportunity when its Vietnamese or Thai products were found to be circumventing the China CVD orders in 2023, requiring the certification process by CBP at issue here.  Compl. ¶¶23.

duty order must be challenged within thirty days of publication.  19 U.S.C. § 1516a(a)(2)(A)(i).

The CVD order was published in 2012, as recognized by TEDC.  *See* Compl. ¶ 5 (citing

*Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the*

*People's Republic of China: Countervailing Duty Order*, 77 Fed. Reg. 73,017 (Dep't of

Commerce Dec. 7, 2012)).  TEDC is far too late to challenge the order now.

TEDC next argues that this Court previously rejected a "narrow" interpretation of the

term "subject merchandise."  Pl. Resp. at 5 (citing *China Cornici Co. v. United States*, 799

F.Supp.3d 1373, 1380 (Ct. Int'l Trade 2025).  However, *China Cornici* does not assist TEDC.  In

*China Cornici*, the Court considered whether Commerce lawfully rescinded an administrative

review where Commerce initiated a review of the company's entries, but the entries were

mislabeled and liquidation was not therefore suspended.  799 F. Supp. 3d at 1376.  Commerce

contended in that case that "unsuspended entries of subject merchandise were not enough to

entitle the parties to an administrative review."  *Id.* at 1380.  The question, thus, was whether

19 C.F.R. § 351.213 allowed Commerce to rescind an initiated review where there *were* entries

of merchandise subject to the review, but for which liquidation was not suspended.  *Id.* at 1381.

Here, unlike in *China Cornici*, the question is not whether TEDC has suspended entries;

rather, the question is whether TEDC's entries were subject to the review at all.  Indeed, if

anything, *China Cornici* would support the proposition that TEDC could have requested review

and rendered its entries subject merchandise within the scope of the review, even if liquidation of

the entries were not suspended.  *See China Cornici,* 799 F. Supp. 3d at 1381  As explained above

and in our motion, TEDC's entries were not subject to the administrative review because no

party requested review of TEDC and, thus, Commerce did not initiate an administrative review

with respect to TEDC.  *See Initiation of Antidumping and Countervailing Duty Administrative*

6

*Reviews*, 89 Fed. Reg. 8,641, 8,646-47 (Dep't of Commerce Feb. 8, 2024) (*Initiation Notice*) (P.R. 15).

TEDC separately argues that our consent to an injunction for Trina Solar Science & Technology (Thailand) Limited (TTL) somehow reveals that TEDC is an interested party whose entries should also be subject to judicial review and a preliminary injunction, and that our rationale for treating these entities differently "constituted an abuse of discretion, is not supported by substantial evidence and is contrary to law." Pl. Resp. at 3; Form 24 Proposed Order for Statutory Injunction upon Consent, ECF No. 13 (Apr. 8, 2026). Further, TEDC asserts that "the sole issue before the Court at this time is whether liquidation of entries of subject solar cells exported by TEDC should not be enjoined while this Court is considering the issues raised by Plaintiffs." Pl. Resp. at 3. However, the threshold question before this Court is whether this Court has jurisdiction to consider TEDC's claims, not TTL's. TTL and TEDC are not "similarly situated," as TEDC implicitly recognizes: "TTL is undeniably subject to {the contested administrative review}, while no interested party requested an annual review of TEDC{.}" *Id.*; *see also Initiation Notice*, 89 Fed. Reg. at 8,646-47. TEDC's argument is thus without merit.

In sum, TEDC was neither an interested party nor a party to the proceeding, this Court therefore does not have jurisdiction to consider TEDC's claims under 28 U.S.C. § 2631(c), and the complaint should be dismissed with respect to TEDC.

## II.    TEDC Failed to Exhaust Administrative Remedies

We explained in our motion that TEDC failed to exhaust its administrative remedies. TEDC argues that it should be excused from its failure because the issues raised in its complaint were in fact considered in the underlying administrative review. Pl. Resp. at 8-9 (citing *Holmes Prod. Corp. v. United States*, 16 C.I.T. 1101, 1104 (1992); *Pakfood Pub. Co. v. United States*, 724

F.Supp.2d 1327, 1351 (Ct. Int'l Trade 2010)).  As support, TEDC claims that another party "filed a case brief to Commerce raising substantially similar concerns as those raised in TEDC's complaint." *Id.* at 9 (citing JA Solar Case Brief (May 12, 2025) (P.R. 150)).  This argument, however, fails to acknowledge that the arguments made by JA Solar in its case brief are different from the claims that TEDC raised in its complaint.  As discussed above, JA Solar argued before Commerce that Commerce should issue special customs instructions to CBP.  JA Solar Case Brief at 6.  TEDC's complaint, including its demand for judgement and prayer for relief, make no mention that Commerce should have issued any special customs instructions, but rather that Commerce should have conducted review although review for TEDC was not requested, timely or otherwise.  *See* Compl. ¶¶ 33-39.  As such, TEDC failed to exhaust its administrative remedies with respect to these claims, and this Court should dismiss the case for failure to state a claim on which relief can be granted.

TEDC's dispute, at its core, is with CBP's late reclassification of its entries due to CBP's determination that TEDC's certifications were deficient, and not with this administrative review. *See* Pl. Resp. at 5, 10-13.  (discussing the actions of CBP); Compl. ¶¶ 27-29.  Alternatively, TEDC now appears to seek relief for subsequent Commerce proceedings that have not yet resulted in a final, challengeable determination.  Pl. Resp. at 14 (arguing that this Court should grant an injunction related to TEDC's challenge to this administrative review while TEDC seeks relief before Commerce in separate administrative proceedings).

Whether TEDC knew or should have known that its merchandise could be subject to the CVD order is irrelevant to the threshold inquiry, as discussed above, of whether TEDC was an interested party to the proceeding.  However, as described in our motion and regardless of TEDC's selective reading, due to Commerce's circumvention determination, TEDC's entries

8

were subject to the orders on solar cells from China unless properly certified, as determined by

Commerce or CBP.  As Commerce stated in its *Final Circumvention Determination*,

> {t}he claims made in the certifications and any supporting documentation are subject to verification by Commerce and/or CBP. . . .  If it is determined that an importer and/or exporter has not met the certification and/or related documentation requirements for certain entries, Commerce intends to instruct CBP to suspend, pursuant to these country-wide affirmative determinations of circumvention {of} the *Orders*, all unliquidated entries for which these requirements were not met and require the importer to post applicable AD and CVD cash deposits.

*Antidumping and Countervailing Duty Orders on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Final Scope Determination and Final Affirmative Determinations of Circumvention With Respect to Cambodia, Malaysia, Thailand, and V*ietnam. 88 Fed. Reg. 57,419, 57,423 (Dep't of Commerce Aug. 23, 2023) (*Final Circumvention Determination*) (citations omitted)).  This is further supported by Commerce's liquidation instructions, which stated:

> 1. Commerce does not automatically conduct administrative reviews of countervailing duty orders. Instead, reviews must be requested pursuant to {19  U.S.C. § 1675(a)(1)}, and in accordance with 19 CFR 351.213.
>
> 2. Commerce has not received a request for an administrative review of the countervailing duty order for the period and on the merchandise identified below except for firms listed in paragraph
>
> 3. Therefore, in accordance with 19 CFR § 351.212(c), you are to liquidate all entries for all firms except those listed in paragraph 3.

Automatic Liquidation Instructions, Mar. 21, 2024 (P.R. 184) at 3.

Contrary to TEDC's contentions, Pl. Resp at 9-11, this situation is quite similar to *Goodluck India* where the plaintiff's entries were provisionally excluded from the order, and the plaintiff thus did not request administrative review.  670 F. Supp. 3d at 1367-68.  Commerce

9

declined to consider the plaintiff's late request for review after the plaintiff's entries were later brought back into the relevant order. This Court upheld Commerce's decision. *Id.* at 1369, 1385. Similarly, here TEDC was aware of the country-wide circumvention determination subjecting producers of solar cells in the circumventing countries to the orders on solar cells from China unless those producers' entries were properly certified. *See* Compl. ¶¶ 6-17; *see also Final Circumvention Determination*, 88 Fed. Reg. at 57,420. As such, while its entries were provisionally not treated as being subject to the orders by CBP, TEDC should have timely requested administrative review if it wished to be assigned a review-specific rate should CBP find those certifications deficient. *See Goodluck India*, 670 F. Supp. 3d at 1372-74.

TEDC alleges it has entries on which CBP did not make a determination regarding the sufficiency of TEDC's certifications until after the deadline to request an administrative review had passed. Compl. ¶ 27. However, TEDC could have requested an administrative review to protect its entries while CBP considered TEDC's entry documents so that, should CBP reject its certifications, Commerce could determine the appropriate CVD rate. *See Goodluck India*, 670 F.Supp.3d at 1372-74. Instead, TEDC did not request an administrative review of its entries, perhaps hoping that CBP would accept its certifications. Having done so, TEDC has no "right to request at {a review at another} time other than the anniversary month." of the order. *Goodluck India Ltd.,* 670 F. Supp. 3d at 1373.

Nor did it submit a case brief with arguments in this administrative review as contemplated by Commerce's regulations. "The law helps those who help themselves, generally aids the vigilant, but rarely the sleeping, and never the acquiescent. Trina's silence . . . might not have constituted intentional acquiescence, but it certainly amounted to sleeping." *Trina Solar (Vietnam) Science & Technology Co. v. United States*, No. 23-00228, 2026 WL 755109 at *3 (Ct.

10

Int'l Trade Mar. 17, 2026) (quotation omitted) (finding an entity had failed to exhaust administrative remedies when submitting nothing before Commerce in a remand redetermination proceeding), *appeal pending,* No. 26-1844 (Fed. Cir.); 19 C.F.R. § 351.309(c)(2) ("The case brief must present all arguments that continue in the submitter's view to be relevant to the Secretary's final determination or final results, including any arguments presented before the date of publication of the preliminary determination or preliminary results.").

## CONCLUSION

For these reasons and those explained in our motion, we respectfully request that the Court grant our partial motion to dismiss, namely dismissing plaintiff Trina Solar Energy Development Company Limited, for lack of jurisdiction, or, in the alternative, for failure to state a claim on which relief can be granted.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

CLAUDIA BURKE
Deputy Director

OF COUNSEL:
KARL MUELLER
Attorney
Department of Commerce
Office of Chief Counsel for Trade
Enforcement & Compliance
1401 Constitution Avenue, NW
Washington, DC 20230

/s/ Tate Nathan Walker
TATE NATHAN WALKER
Trial Attorney
Commercial Litigation Branch
U.S. Department of Justice
Civil Division
P.O. Box 480
Ben Franklin Station
Washington, D.C., 20044
Tel: (202) 307-0163
Email: Tate.Walker@usdoj.gov

July 13, 2026

*Attorneys for Defendant*

11

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this response complies with the word limitation in Court of International Trade Standard Chambers Procedures § 2(B)(1), and contains approximately 3,201 words, excluding the parts of the brief exempted from the word limitation.  In preparing this certificate of compliance, I have relied upon the word count function of the word processing system used to prepare the brief.

<u>/s/ Tate N. Walker</u>

12